IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:11-CR-00049 |
| v. | ) |
| | ) |
| JUAN C. FORERO, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Juan C. Forero's pro se motion for early termination of supervised release. ECF No. 86. For the reasons stated below, the court **DENIES without prejudice** Forero's motion.

In 2013, Forero pled guilty to one count of receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1). ECF Nos. 58, 59. On July 16, 2013, he was sentenced to seventy months in the Bureau of Prisons to be followed by a fifteen-year term of supervised release. Forero was released from prison and began serving his term of supervised release on December 8, 2017 and has served approximately fifty-two months, or a little more than four years, of his fifteen-year term.

The court sought input from the United States Probation Officer who supervises Forero. The officer confirmed that Forero has done well on supervision and has had no violations of the terms of supervision. The officer does not oppose early termination.

The government opposes early termination of Forero's term of supervised release. The government acknowledges that Forero has done very well on supervision but is opposed to

1

early termination based on the nature of his offense and also on the fact that he has served less than one third of his term of supervision. Resp. to Def's Mot., ECF No. 89.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment

2

goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense weigh against early termination of supervision. According to the Presentence Investigation Report (PSR), Forero was arrested following an extensive international investigation of the distribution of child pornography. He admitted to buying DVDs containing child pornography although he destroyed them after watching them because he knew it was illegal to view child pornography. He took pains to conceal his identity by using computers belonging to his ex-wife and a friend to access child pornography. He also inquired about traveling to Costa Rica to have sex with a 14-year-old girl although he never followed through with that plan. He denied any sexual or inappropriate conduct with his daughters. His offense was described as involving 600 or more images of pornographic material containing depictions of prepubescent minors under the age of 12. PSR, ECF No. 72 ¶¶ 3-14. The serious and surreptitious nature of his offense indicate that additional supervision is warranted.

3

Looking at Forero's history and characteristics, the court notes that prior to his incarceration he served in the United States Army for ten years and was honorably discharged. He also worked as a contractor with the United States Department of Defense Intelligence and Security Command and had a "secret" security clearance. While incarcerated, he had no disciplinary violations and he took a number of classes and obtained a number of certificates. He performed 250 hours of community service while incarcerated and also mentored other inmates. Mot. for Early Termination, ECF No. 86 at 1-2.

Since his release from prison, Forero has been fully compliant with the terms of supervised release and has had no violations. He currently works six days per week and supports himself financially. He has fulfilled all his financial obligations and has completed twenty months of sexual treatment therapy. He has completed and passed his yearly psychological evaluations and as well as the polygraph test administered by the United States Probation Office every six months. Id. These factors weigh in favor of early termination of supervised release.

Looking at the second § 3553(a) factor, the court notes that while Forero has done well on supervised release and his employment record is admirable, he has served only a bit more than four years of a fifteen-year period of supervision. The court finds that this factor weighs against early termination, because the close supervision by his United States Probation Officer and the testing he has to undergo has given Forero structure and made him accountable, which undoubtedly has contributed to his success thus far. The court finds that continued supervision will afford additional deterrence to criminal conduct and serve to protect the public.

Regarding the range of supervised release terms for the category of offense committed by Forero, under both the statute and the United States Sentencing Guidelines, he faced a supervision term of fifteen years to life. PSR, ECF No. 72 at ¶¶ 57-58. Because Forero has not yet served even five years of his term of supervised release, this factor weighs against early termination. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Forero's supervised release, the court **DENIES without prejudice** Forero's motion for early termination. To be sure, Forero's accomplishments since his release are impressive. Nevertheless, he has served less than one-third of the supervised release term the court imposed after reviewing sentencing memoranda and hearing testimony and argument at the sentencing hearing. ECF Nos. 61, 66, 79. The court finds that having Forero continue on supervised release will provide him with the continued structure and accountability he needs and will also serve to protect the community.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: April 10, 2022

Michael F. Urbanski
Chief United States District Judge