CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 09, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:11-CR-00049 |
| v. | ) |
| | ) |
| JUAN C. FORERO, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Senior United States District Judge |

### MEMORANDUM OPINION

This matter is before the court on defendant Juan C. Forero's second pro se motion for early termination of supervised release. ECF No. 92. For the reasons stated below, the court **DENIES without prejudice** Forero's motion.

In 2013, Forero pled guilty to one count of receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1). ECF Nos. 58, 59. On July 16, 2013, he was sentenced to a term of seventy months in the Bureau of Prisons to be followed by a fifteen-year term of supervised release. Forero was released from prison and began serving his term of supervised release on December 8, 2017, and has served almost eight years, or a little more than half, of his fifteen-year term.

Forero filed his first motion for early termination of supervised release on February 14, 2022. ECF No. 86. The court denied the motion on April 11, 2022, finding that while Forero had done well on supervision, he had served only a little more than four years of his fifteen-year term and that when considered as a whole, the relevant 28 U.S.C. § 3553(a) factors weighed against early termination. ECF Nos. 90, 91.

1

Regarding his current motion for early termination, the court sought input from the United States Probation Officer who supervises Forero. The officer confirmed that Forero has continued to do well on supervision and has not violated the terms of supervision. He has passed all polygraph examinations, reports as instructed, and is pleasant and cooperative with the officer. He has maintained a stable home and although he has changed jobs a few times, he has remained employed. Forero is compliant with the requirements of the Virginia Sex Offender Registry and completed sex offender treatment in September 2020. The probation officer is not opposed to early termination of supervision for Forero, aside from the fact that the charges to which he pled guilty were serious and he was assessed a lengthy term of supervision.

The government opposes early termination of Forero's term of supervised release. The government acknowledges that Forero has done very well on supervision and is compliant with all the terms imposed by the supervision order. Nevertheless, the government argues that Forero has served only slightly more than half of his term of supervision and the underlying rationale for the fifteen-year term has not changed. Resp. to Def's Mot., ECF No. 95.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further

crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense weigh against early termination of supervision. According to the Presentence Investigation Report (PSR), Forero was arrested following an extensive international investigation of the distribution of child pornography. He admitted to buying DVDs containing child pornography although he destroyed them after watching them because he knew it was illegal to view child pornography. He took pains to conceal his identity by using computers belonging to his ex-wife and a friend to access child pornography. He also inquired about traveling to Costa Rica to have sex with a 14-year-old girl although he never followed through with that plan. He denied any sexual or inappropriate conduct with his daughters. His offense was described as involving 600 or more images of pornographic material containing depictions of prepubescent minors under the age of 12. PSR, ECF No. 72 ¶¶ 3-14. The serious and surreptitious nature of his offense indicate that additional supervision is warranted.

Looking at Forero's history and characteristics, the court notes that prior to his incarceration he served in the United States Army for ten years and was honorably discharged. He also worked as a contractor with the United States Department of Defense Intelligence and Security Command and had a "secret" security clearance. He has no criminal history other than his conviction on the instant charges. While incarcerated, he had no disciplinary violations and he took a number of classes and obtained a number of certificates. He performed 250 hours of community service while incarcerated and also mentored other inmates. Mot. for Early Termination, ECF No. 92.

Since his release from prison, Forero has been fully compliant with the terms of supervised release and has had no violations. He is employed, supports himself financially, and

4

spends his free time with family. He has completed twenty months of sexual treatment therapy, and has completed and passed his yearly psychological evaluations as well as a polygraph test administered by the United States Probation Office every six months. Id. These factors weigh in favor of early termination of supervised release.

Looking at the second § 3553(a) factor, the court notes that while Forero has done well on supervised release and his employment record is admirable, he has served only slightly more than half of his fifteen-year term of supervision. The court does not discount the fact that Forero's record on supervised release is unblemished but believes that the close supervision by his United States Probation Officer and the testing he must undergo has given Forero structure and made him accountable, which has contributed to his success. The court finds that continued supervision will afford additional deterrence to criminal conduct and serve to protect the public.

Regarding the range of supervised release terms for the category of offense committed by Forero, under both the statute and the United States Sentencing Guidelines, he faced a supervision term of five years to life. PSR, ECF No. 72 at ¶¶ 57-58. The court imposed a fifteen-year term, and Forero has served only slightly more than eight years of the term. This factor is neutral regarding his request for early termination of supervision. None of the remaining § 3553(a) factors weigh in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Forero's supervised release, the court **DENIES without prejudice** Forero's motion for early termination, ECF No. 92. To be sure, Forero's accomplishments since his release are impressive. Nevertheless, he has served only slightly more than half of his

supervised release term. The court finds that having Forero continue on supervised release will provide him with the continued structure and accountability he needs and also will serve to protect the community.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: 10-9-2025

Michael F. Urbanski
Senior United States District Judge